IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Capital Investment Funding LLC,<br>Cosimo LLC,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>LOP Capital LLC, Strategic Lending<br>Solutions LLC, Michael Loprieno,<br>Brian Knight, Dennis Hackney, and<br>Michael Parish,<br>　　　　　Defendants. | Civil Action No. 6:11-3321-JMC-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the motion to dismiss or stay (doc. 14) by defendants LOP Capital, LLC, Strategic Lending Solutions, LLC, Michael Loprieno, and Brian Knight, who are all represented by the same counsel. Defendant Dennis Hackney is proceeding *pro se*.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) DSC, all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

## BACKGROUND

LOP Capital, LLC ("LOP"), first brought a foreclosure action in Spartanburg County, C.A. No. 2009-CP-42-6973, against Cosimo, LLC, Capital Investment Funding, LLC ("CIF"), and CIF Property Holdings, LLC. A summons and complaint were filed on December 30, 2009, alleging a deficiency arising out of a final judgment entered on June 16, 2009, in Stephens County Superior Court in Georgia, *LOP v. Rolling Hills LLC et al.,* Case #08-SU-CV917C. On February 19, 2010, Cosimo and CIF filed an answer and counterclaim. That case was referred to a state court Master-In-Equity on June 23, 2010. At a pre-trial conference on April 25, 2011, the state court set the trial date in the foreclosure case for May 18, 2011.

On May 4, 2011, Cosimo, LLC, filed for bankruptcy protection, C.A. No. 11-03012-hb, thereby staying the foreclosure case before the Master-In-Equity in Spartanburg County. A hearing took place on August 12, 2011, before the Honorable Helen E. Burris, United States Bankruptcy Judge, regarding LOP's motion for relief from the automatic stay and request that the matter be returned to state court. On August 26, 2011, the bankruptcy court issued an order lifting the stay and remanding the case back to Spartanburg County. Cosimo's bankruptcy action was later dismissed, *sua sponte*, in an order dated October 4, 2011.

On October 31, 2011, the day trial was to begin, the Honorable Gordon G. Cooper, Master-In-Equity, dismissed the case without prejudice because LOP failed to file a response to the counterclaim of Cosimo and failed to name a real party in interest. This order was entered on November 4, 2011. On November 17, 2011, LOP filed a motion to alter or amend judgment. According to LOP, the motion was heard on January 9, 2012; the court ruled on January 18, 2012; and an appeal was filed on the grounds of improper dismissal (m. to dismiss at 2).

After the order dismissing C.A. No. 2009-CP-42-6973 without prejudice, LOP, now joined with Strategic Lending Solutions, LLC ("SLS"), once again filed an action in Spartanburg County, Master-In-Equity, on November 8, 2011, alleging the same cause of action regarding title to real property against Cosimo, CIF, and CIF Property Holdings, LLC, C.A. No. 2011-CP-42-4876 (hereinafter referred to as the "state action"). The plaintiffs sought foreclosure of the mortgage on certain property (40.5 acres located in Spartanburg County) and an order that the property be sold, with the proceeds paying the deficiency due on the Georgia judgment. They alleged causes of action for mortgage foreclosure, merger doctrine, breach of fiduciary duty, constructive trust, and fraud. As counterclaims, Cosimo, CIF, and CIF Property Holdings, LLC alleged the same causes of action alleged in their complaint in the instant action, which are set forth below. On December 6, 2011, Cosimo, CIF, and CIF Property Holdings, LLC filed an admittedly erroneous notice of removal to federal court, claiming diversity of citizenship under 28 U.S.C. §§ 1332 and 1441(b). *LOP*

*Capital, LLC, and Strategic Lending Solutions, LLC, v. Cosimo, LLC, Capital Investment Funding, LLC, and CIF Property Holdings, LLC*, C.A. No. 7:11-3312-JMC-KFM.  On April 24, 2012, this court issued a Report of Magistrate Judge recommending that the motion to remand to the Master-In-Equity of Spartanburg County by LOP and SLS be granted and that the motion by Cosimo, CIF, and CIF Property Holdings, LLC to consolidate that case with the instant case be denied as moot.

On December 6, 2011, CIF and Cosimo filed the instant action against LOP, SLS, and individuals Michael Loprieno, Brian Knight, Dennis Hackney, and Michael Parish. Jurisdiction is based on diversity.  The plaintiffs allege causes of action for assumpsit, fraud, conversion, negligence, unjust enrichment, civil conspiracy, and violations of the plaintiffs' rights as creditors under Georgia law.[1]  On January 19, 2012, defendants LOP, SLS, Loprieno, and Knight moved to dismiss or stay the instant action "to avoid duplicate and piecemeal litigation and to see if the earlier filed state court lawsuit can resolve some or all of the issues presented here" (m. to dismiss at 1).  Because defendant Hackney is proceeding *pro se*, by order filed January 31, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), he was advised of the motion to dismiss procedure and the possible consequences if he failed to adequately respond to the motion.  Plaintiffs CIF and Cosimo filed their response in opposition on February 6, 2012, and defendant Hackney filed his response on February 21, 2012.[2]

## **APPLICABLE LAW AND ANALYSIS**

In the interest of "wise judicial administration," federal courts may stay a case involving a question of federal law where a concurrent state action is pending in which the identical issues are raised. *Colorado River Water Conservation Dist. v. United States*, 424

---

[1] As noted above, these are the same causes of action that CIF and Cosimo alleged as counterclaims in the state action.

[2] In his response, defendant Hackney states: "I was a temporary employee with LOP Capital and I was on 1099 status.  Please relay this information to the proper parties involved" (*see* doc. 37).

U.S. 800, 815 (1976). Since federal courts have a "virtually unflagging obligation" to exercise the jurisdiction conferred upon them, the *Colorado River* abstention is appropriate only under "exceptional circumstances." *Id*. at 813.

The *Colorado River* doctrine requires a federal court to abstain in favor of concurrent state court proceedings where necessary to promote "wise judicial administration, conservation of judicial resources, and comprehensive disposition of litigation." *Id*. at 817. The doctrine is designed to avoid piecemeal litigation and to prevent inconsistent results. See *id*. ("the general principle is to avoid duplicative litigation"). The Fourth Circuit Court of Appeals has recognized the importance of this doctrine finding that "the threshold question in deciding whether *Colorado River* abstention is appropriate is whether there are parallel federal and state suits." *Chase Brexton Health Services, Inc. v. Maryland*, 411 F.3d 457 (4th Cir. 2005).

If parallel suits exist, then a district court must carefully balance several factors, "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25-26 (1983). Although the prescribed analysis is not a "hard-and-fast" one in which applications of a "checklist" dictates the outcome, six factors have been identified to guide in determining whether abstention is appropriate: (1) whether the subject matter of the litigation involves property where the first court may assume in rem jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the federal plaintiff's rights. *Id*. at 15-16, 19-27; *Colorado River*, 424 U.S. at 818-19.

Ultimately, the general rule is that abstention may be considered only when "the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Moses H. Cone*, 460 U.S. at 28.

*Parallel Proceedings*

Two cases are parallel "if substantially the same parties litigate substantially the same issues in different forums." *New Beckley Mining Corp. v. Int'l Union*, 946 F.2d 1072, 1073 (4th Cir. 1991). It is not disputed by any of the parties that the state action and the instant action arise out of the same transaction and occurrence to form the same case and controversy. In their previously filed motion to consolidate, the plaintiffs asserted that "[b]ecause the validity of the referenced judgment and the actions of LOP and SLS with regard to its procurement underpin all of the claims made by either party in either case, the two cases are inextricably entwined" (m. to consolidate at 4). However, in their opposition to the motion to dismiss or stay, the plaintiffs argue that the two cases are not parallel because "[t]he validity of LOP's claim and the calculation of damages, based as they are upon the Georgia Judgment and the unresolved competing claim of CIF to funds generated thereby, are contingent upon the Court's determination of CIF's claims" (resp. to m. to dismiss at 5). Importantly, the exact claims the plaintiffs argue will decide the validity of LOP and SLS's claims are pending as counterclaims in the state action. Furthermore, while several individual defendants are named in the instant action who are not named in the state action, complete identity between suits is not required. *Jackson Hewitt, Inc. v. J2 Financial Servs., Inc.*, 901 F.Supp. 1061, 1066 (E.D. Va.1995) ("[F]ederal and state cases may be parallel despite the fact that the cases are not currently mirror images"). Based upon the foregoing, this court finds that the instant action and the state action are parallel proceedings.

*Jurisdiction over the Property*

The Supreme Court explained in *Colorado River :* "It has been held, for example, that the court first assuming jurisdiction over property may exercise that jurisdiction to the exclusion of other courts." 424 U.S. at 818 (citations omitted). Here, the claims by CIF and Cosimo in the instant action are *in personam*, while the state action concerns a 40.5 acre tract of land lying in Spartanburg County, South Carolina, along with *in personam* claims and counterclaims.

5

*Convenience of the Forum*

The defendants in the instant case argue that a state forum before the Master-In-Equity would be more convenient solely to avoid duplicative discovery efforts that would inevitably result from litigating this case in a federal forum. As noted earlier, the first action filed in state court was dismissed without prejudice on the day of trial. That case was later refiled in state court on November 8, 2011, was removed to federal court on December 6, 2011, and this court has recommended that the case be remanded to the Master-in-Equity. The plaintiffs, however, argue that the federal forum is more convenient and cost-effective since the parties reside in different states. Nevertheless, considering that the entire discovery process has been completed in the state forum, upon remand it seems more likely than not that the Master-In-Equity would expedite the action for a trial on the merits.

*Avoiding Piecemeal Litigation*

This court agrees with the defendants that this lawsuit is precisely the piecemeal litigation the *Colorado River* doctrine seeks to avoid.

*Order of Obtaining Jurisdiction*

LOP originally commenced its state action before the Court of Common Pleas, Master-In-Equity, in Spartanburg County on December 30, 2009. After almost two years of litigating, the case was dismissed without prejudice on the day the trial was to begin. Before a hearing on LOP's motion to alter or amend the judgment of the case, LOP joined with SLS and filed a second complaint alleging the same causes of action in the Court of Common Pleas, Master-In-Equity, in Spartanburg County on November 8, 2011. The case was removed to federal court on December 6, 2011, and this court has recommended remand. Cosimo and CIF commenced the instant action on December 6, 2011. Accordingly, the state court action precedes this one, and the state court has jurisdiction over the property and the relevant parties.

***State Law Controls the Decision on the Merits***

All of the issues presented in both the state action and the instant action are based upon state law.

***Whether State Court Can Adequately Protect the Federal Plaintiff's Rights***

"This factor addresses whether the state court will adequately protect the federal plaintiff's rights and provide full relief." *Jackson Hewitt*, 901 F. Supp. at 1068. The plaintiffs offer no reason why the state court could not adequately protect their rights, and they seek no extraordinary relief that the state court would be unable to grant. *See id.* This court finds that the Master-in-Equity is well qualified to address the issues in these cases and can certainly protect the rights of the parties.

## **CONCLUSION AND RECOMMENDATION**

This court finds that "the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Moses H. Cone*, 460 U.S. at 28. Wherefore, based upon the foregoing, this court recommends that the defendants' motion to stay (doc. 14) be granted.

IT IS SO RECOMMENDED.

| | |
|---|---|
| June 7, 2012 | s/ Kevin F. McDonald |
| Greenville, SC | United States Magistrate Judge |