IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Capital Investment Funding LLC and Cosimo LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> LOP Capital LLC, Strategic Lending Solutions LLC, Michael Loprieno, Brian Knight, Dennis Hackney, and Michael Parish, <br><br> Defendants. | Civil Action No.: 6:11-3321-MGL-KFM <br><br><br><br><br> **ORDER AND OPINION** |

This matter is before the court on Defendants LOP Capital, LLC, Strategic Lending Solutions, LLC, Michael Loprieno, and Brian Knight ("Defendants") Motion to Dismiss or Stay under the Colorado River Abstention Doctrine. (ECF No. 14.) The abovementioned Defendants are represented by the same counsel. Defendant Dennis Hackney is proceeding pro se. In accordance with 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) D.S.C., this pretrial matter in a case involving a pro se litigant was referred to a United States Magistrate Judge for consideration. The Magistrate Judge has prepared a thorough Report and Recommendation ("Report") and recommends that Defendants' Motion to Stay be granted. (ECF No. 59.)

The Report sets forth in detail the relevant facts and the court incorporates such without a recitation. Significant to this analysis, the court acknowledges that since the entry of the Report and Recommendation, the court remanded a related action *LOP Capital, LLC and Strategic Lending Solutions, LLC v. Cosimo, LLC, Capital Investment Funding, LLC, and CIF Property Holdings, LLC*, Civil Action No. 7:11-cv-03312-JMC-KFM ("remanded related action") to the Master-In-Equity of Spartanburg County and denied Plaintiffs Capital Investment Funding LLC and Cosimo

LLC's ("Plaintiffs") Motion to Consolidate in this case as moot. (ECF No. 63.) Initially, Plaintiffs held the position that the instant case and the remanded related action were so closely connected by common questions of law and fact that the two cases should be consolidated in their entirety "in the interests of judicial economy" and "avoid[ing] unnecessary costs or delay." (ECF No. 6 at 4.)

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b).

Defendants maintain this case should be dismissed or stayed "to avoid duplicate and piecemeal litigation and to see if the earlier filed state court lawsuit can resolve some or all of the issues presented here." (ECF No. 14 at 1.) The Magistrate Judge considered several factors based on the *Colorado River* abstention doctrine (*Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800 (1976)) in recognizing the importance of the pending state court litigation as a vehicle for resolving the issues between the parties. (ECF No. 59 at 7.) Plaintiffs' position is that this federal court is the most appropriate forum to resolve this case quickly and efficiently. (ECF No. 61 at 3.) Plaintiffs raise several objections to the Magistrate Judge's recommendation to stay this case. Specifically, Plaintiffs object to the Magistrate Judge's assessment finding that certain factors, i.e., convenience of the forum; avoiding piecemeal litigation; order of obtaining jurisdiction; and whether the state court can adequately protect Plaintiffs' rights, weigh in favor of staying the case.

(ECF No. 61 at 3-6.) Defendants state agreement with the Report but seek the additional relief of a dismissal of the case without prejudice. (ECF No. 72 at 3.)

Without addressing the complexities of the *Colorado River* abstention doctrine or the related *Younger* abstention doctrine *(Younger v. Harris*, 401 U.S. 37 (1971)), in its discretion, the court concludes that staying the instant action pending the resolution of the parallel and related state court proceedings is appropriate under these circumstances. The court has fully considered Plaintiffs' objections but finds that, on balance, judicial efficiency considerations weigh in favor of staying this case. The court considers the interest of avoiding piecemeal litigation, the conservation of judicial resources, the comprehensive disposition of the litigation, and the state's interest in adjudicating this matter related to the foreclosure of property within the state to be of strong significance here.

The court is not abstaining from hearing this case at this time and certainly acknowledges the parties' interest in having this matter adjudicated in a timely and efficient way. To that end, the parties are directed to file a brief report in ninety days (90) providing an update on the status of the state court proceedings related to this action.

For the reasons set forth above, the court adopts the reasoning and conclusion set forth in the Report and Recommendation of the Magistrate Judge. Defendants' Motion to Stay (ECF No. 14) is hereby GRANTED.

IT IS SO ORDERED.

s/ Mary G. Lewis  
United States District Judge

Spartanburg, South Carolina  
October 5, 2012